UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


TRANSPORT SYSTEMS, LLC,

     Plaintiff,

vs.                                    Case No. 18-11458

PACE RUNNERS, INC.,                  HON. AVERN COHN

     Defendant.
_____/


**MEMORANDUM AND ORDER**
**GRANTING DEFENDANT'S MOTION TO DISMISS (Doc. 2)[1]**

I. Introduction

    This is a contract case.  Plaintiff Transport Systems, LLC, (Transport) is suing

defendant Pace Runners, Inc. (Pace).  In general, Transport says that it performed

transportation services under a contract with Pace, Pace terminated the contract without

the requisite 30 days' notice, and owes Transport $80,608.28 for work performed.

Transports claims (1) breach of contract and (2) unjust enrichment.

    Before the Court is Pace's motion to dismiss on the grounds that the contract

includes a forum selection clause which provides that any lawsuit over the contract be

filed in Alabama state court.  For the reasons that follow, the motion will be granted.

---

[1]Although this matter was originally scheduled for hearing, upon review of the
parties' papers, the Court deems this matter appropriate for decision without oral
argument.  See Fed. R. Civ. P. 78(b); E.D. Mich. LR 7.1(f)(2).

## II. Background

Transport is a Michigan limited liability company located in Dearborn, Michigan. Transport provides transportation services in the shipping industry.

Pace is an Alabama corporation located in Alabama.

On November 10, 2016, the parties entered into an Independent Contractor Agreement (contract) in which Pace agreed to pay Transport for delivery services to Pace's customers, including Amazon. The contract provides that if either party wishes to terminate the agreement, they must provide 30 days' written notice.[2] The contract also contains the following forum selection clause:

> This Contract and all rights and obligations of the parties shall be construed in accordance with the laws of the state of Alabama and any action shall be commenced in that jurisdiction in the closest state court.

Transport sued Pace in Wayne County Circuit Court. Pace removed the case to federal court on the grounds of diversity jurisdiction and then filed the instant motion.

## III. Legal Standards

Pace seeks dismissal under Fed. R. Civ. P. 12(b)(6)[3] or under the doctrine of forum non conveniens. A Rule 12(b)(6) motion tests the sufficiency of a plaintiff's pleading. The Rule requires that a complaint "contain something more ... than ... a statement of facts that merely creates a suspicion [of] a legally cognizable right of

---

[2]The contract also contains an arbitration clause which is not at issue in this motion.

[3]Rule 12(b)(6), not 12(b)(3), is the appropriate means for addressing the application of a forum selection clause. See Wong v. Partygaming Ltd., 589 F.3d 821, 830 (6th Cir.2009) (holding that any motion to dismiss should be considered under Fed.R.Civ.P. 12(b)(6)—not the venue provision of 12(b)(3)). See also Lanier v. Syncreon Holdings, Ltd., 2012 WL 3475680 *3 (E.D. Mich. Aug.14, 2012).

action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007) (internal citation omitted). A "plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. "[T]hat a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of all the elements of a cause of action, supported by mere conclusory statements do not suffice." Ashcroft v. Iqbal, 556 U.S. 662; 129 S. Ct. 1937, 1949 (2009). The court is "not bound to accept as true a legal conclusion couched as a factual allegation."

"In deciding a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), th[e] Court may only consider 'the facts alleged in the pleadings, documents attached as exhibits or incorporated by reference in the pleadings, and matters of which the [Court] may take judicial notice.' " Murray v. Geithner, 624 F. Supp. 2d 667, 671 (E.D. Mich. 2009) (citing 2 James Wm. Moore et al., Moore's Federal Practice 12.342 (3d ed. 2000).

Under the doctrine of forum non conveniens, a court may "decline to exercise its jurisdiction" because the interests of "the convenience of the parties and the court," as well as "the interest of justice," counsel that the action should be tried elsewhere. Piper Aircraft Co. v. Reyno, 454 U.S. 235, 250 (1981). The Supreme Court has made it clear that "the central focus of the forum non conveniens inquiry is convenience." Id. at 249. The analysis consists of the following three steps: 1) whether an adequate, alternative forum exists; 2) whether the private interest factors weigh in favor of dismissal; and 3) whether public interest factors also weigh in favor of dismissal. Barak v. Zeff, 289 F. App'x 907, 910 (6th Cir. 2008).

IV. Analysis

The crux of Pace's motion is whether the forum selection clause should be

enforced or whether Transport's choice of forum should prevail. Where, as here, the

parties have contractually agreed in advance as to the proper forum for adjudicating any

dispute, that forum selection clause represents their agreement as to the most proper

location for adjudication of the dispute and "should be 'given controlling weight in all but

the most exceptional cases.' " Atl. Marine Const. Co. v. U.S. Dist. Court for W. Dist. of

Texas, 134 S. Ct. 568, 574 (2013) (quoting Stewart Org., Inc. v. Ricoh Corp., 487 U.S.

22, 23 (1988) ).[4]

The Sixth Circuit has identified three situations that limit a forum selection

clause's ability to confer jurisdiction:

> (1) whe[n] the clause was obtained by fraud, duress, or other unconscionable
> means; (2) whe[n] the designated forum would ineffectively or unfairly handle the
> suit; and (3) whe[n] the designated forum would be so seriously inconvenient
> such that requiring the plaintiff to bring suit there would be unjust.

Wong v. PartyGaming Ltd., 589 F.3d 821, 828 (6th Cir.2009);

None of the recited exceptions apply in this case. Transport has not shown the

forum selection clause was obtained improperly. See Preferred Capital, Inc. v. Assocs.

in Urology, 453 F.3d 718, 721 (6th Cir. 2006) ("Unless there is a showing that the

alleged fraud or misrepresentation induced the party opposing a forum selection clause

to agree to inclusion of that clause in a contract, a general claim of fraud or

---

[4]In diversity cases, the enforceability of forum selection clause is matter of
federal procedure and is thus governed by federal law. Wong v. PartyGaming Ltd., 589
F.3d 821, 827–28 (6th Cir. 2009).

misrepresentation as to the entire contract does not affect the validity of the forum selection clause.").

While Transport argues that the forum selection clause is "invalid" because the contract does not contain the signatures of both parties, this argument falls flat in light of the fact that Transport is suing to enforce the contract. It cannot argue that one provision-the forum selection clause–is invalid because of missing signatures and other provisions–the 30 day notice and payment obligations–are not.[5]

There is also no indication that the designated forum–the state courts in Alabama– will be ineffective or unfair. Indeed, the contract provides for the application of Alabama law which an Alabama state court would be more versed in than a federal district court in Michigan.

The final exception, serious inconvenience, merits some discussion. The Court acknowledges that Transport is a small, one-person company in Michigan and that litigating a case in Alabama would present a challenge. Transport's inconvenience, however must be balanced against the fact that it entered into a contract with an Alabama company which contained a clear forum selection clause. Courts have historically favored enforcing choice of forum clauses unless there is a serious issue that would result in an injustice. An unfavorable or less favorable set of laws or likely

---

[5]Moreover, it is clear that the parties performed under the contract for some period of time. It is well-established in contracts law that when both parties perform under the contract, performance constitutes acceptance even if there is an irregularity with the signatures or other formal acceptance details. See Restatement 2d Contracts, § 19. See also Detroit Tigers, Inc. v. Ignite Sports Media, LLC., 203 F. Supp. 2d 789, 796 (E.D. Mich. 2002) (finding that a signature on the contract is not a per se prerequisite for enforcement).

award, or mere inconvenience are not considered an injustice.  In M/S Bremen v.
Zapata Off-Shore Co., 407 U.S. 1 (1972), the Supreme Court stated that choice of
forum clauses should always be enforced, unless the opposing party, "could clearly
show that enforcement would be unreasonable and unjust, or that the clause was
invalid for such reasons as fraud or overreaching."  Moreover, in Atl. Marine, supra, at
64, the Supreme Court clearly held that "When parties agree to a forum-selection
clause, they waive the right to challenge the preselected forum as inconvenient or less
convenient for themselves or their witnesses, or for their pursuit of the litigation.  A court
accordingly must deem the private-interest factors to weigh entirely in favor of the
preselected forum."  Id. at 64.  The Supreme Court added, "[a]s a consequence, a
district court may consider arguments about public-interest factors only.  Because those
factors will rarely defeat a transfer motion, the practical result is that forum selection
clauses should control except in unusual cases."  Id.  Further, "[o]nly under
extraordinary circumstances unrelated to the convenience of the parties should [transfer
motion] be denied."  Id. at 62.  Transport has not met its burden of showing that the
inconvenience of litigating in Alabama is so great as to defeat the forum selection
clause.

Transport also argues that the Sixth Circuit has said that "forum selection clauses
do not dictate the forum."  Kerobo et. al. v. Southwestern Clean Fuels Corp., 285 F. 3d
531 (6th Cir. 2002), citing Steward Org. v. Ricoh Corp., 487 U.S. 22 (1987). In Kerobo,
the court of appeals held because venue was proper in Michigan by technical virtue of
having been filed in a state court and then removed to the governing federal district
court, there were no grounds to dismiss for improper venue under Rule 12(b)(3).  The

court of appeals then analyzed the § 1404 (a) motion for transfer, found that statute applied, and remanded the case for disposition accordingly. In this case, a transfer of venue under § 1404 (a) does not apply because the forum selection clause calls for an Alabama state court and there is no vehicle by which a federal court may transfer a case to another state's local court.

Ricoh is also inapposite. The Supreme Court in Ricoh held that in evaluating a § 1404 (a) motion to transfer, a forum selection clause should be given the consideration that statute requires (an examination of private and public factors, of which the forum clause is but one part). Because the transfer statute does not apply here, Ricoh is not relevant.

The additional cases cited by Transport mostly deal with forum non conveniens considerations where one party is international. It cites the Sixth Circuit's statement in Duha v. Agrium, Inc. et. al., 448 F. 3d 867 (6th Cir. 2006): "the standard of deference for a U.S. plaintiff's choice of a home forum permits dismissal only when the defendant establish[es] such oppressiveness and vexation to a defendant as to be out of all proportion to plaintiff's convenience which may be shown to be slight or nonexistent." Id. at 874. Here, because both parties are domestic entities, this consideration does not apply.

Overall, Transport has not overcome the "heavy burden" of showing that the form selection clause should not be enforced. As such, the case must be dismissed.

V.  Conclusion

For the reasons stated above, Pace's motion to dismiss is GRANTED.  This case

is DISMISSED WITHOUT PREJUDICE to Transport's right to re-file in the appropriate

Alabama state court.

SO ORDERED.


                                        S/Avern Cohn_____
                                        AVERN COHN
                                        UNITED STATES DISTRICT JUDGE


Dated: 8/3/2018
        Detroit, Michigan